# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

QURON MORRIS,

                              Plaintiff,

v.

                                                    1:17-cv-00371 (BKS/DJS)

KURT W. HAAS, former Assistant District Attorney of Albany County; POLICE OFFICER JOHNSON, I.D. #2437; POLICE OFFICER CHRISTO CORNELL, I.D. #2363, from Albany Police Department,

                              Defendants.

**APPEARANCES:**

Quron Morris
15-A-4139
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118
*Plaintiff pro se*

Tracy A. Murphy, Esq.
Albany County Attorney's Office
112 State Street
Albany, NY 12207
*For Defendant Haas*

Abigail W. Rehfuss, Esq.
Stephen J. Rehfuss, Esq.
The Rehfuss Law Firm, P.C.
40 British American Blvd.
Latham, NY 12110
*For Defendants Johnson and Cornell*

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff pro se Quron Morris brings this action under 42 U.S.C. § 1983 alleging claims arising out of his September 28, 2013 arrest and subsequent criminal prosecution. (Dkt. No. 15). Plaintiff alleges, *inter alia*,[1] that Defendant Kurt Haas, an Albany County Assistant District Attorney, subjected him to malicious prosecution in violation of the Fourth Amendment. (*Id.* at 5). In his Amended Complaint, Plaintiff seeks monetary damages. (*Id.*). The Defendants have answered the Amended Complaint and asserted crossclaims; the police officer defendants, Johnson and Cornell, have asserted a cross-claim against Haas, and Haas has asserted a crossclaim against Johnson and Cornell. (Dkt. No. 22, ¶ 32; Dkt. No. 29, ¶ 35).

Presently before the Court is Defendant Hass' motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 37). Despite receiving an extension to respond to the motion, (*see* Dkt. No. 41), Plaintiff has not filed a response. For the reasons discussed below, Defendant Hass' motion is granted.

### II. FACTS[2]

On September 28, 2013, at approximately 11:30 p.m. in Albany, New York,[3] Defendant Police Officer Johnson, approached in his vehicle and "cut [Plaintiff] off on [his] bike." (Dkt. No. 15, at 4, ¶ 1). Defendant Johnson advanced toward Plaintiff "with his gun drawn telling [Plaintiff] to put [his] hands on [his] head."(*Id.* ¶ 2). Defendant Johnson "read [Plaintiff his]

---

[1] Plaintiff also brings false arrest claims against the police officer Defendants Johnson and Christo Cornell. (Dkt. No. 15, at 5).

[2] All facts are taken from the Amended Complaint and its exhibits and are assumed to be true for purposes of this motion. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

[3] The date and time of the arrest alleged in the Amended Complaint conflict with the date and time in the arrest report attached to the complaint. (*See* Dkt. No. 15, at 7 (noting date of arrest as September 21, 2013 at 1:56 a.m.)).

[M]iranda rights while placing handcuffs" on him. (*Id.* ¶ 4). Defendant Police Officer Christo Cornell "assisted . . . in the unlawful arrest," which was based on "uncorroborated hearsay." (*Id.* at 6, ¶¶ 14, 17). Plaintiff was arraigned in a local criminal court on charges of criminal possession of a weapon in the second degree and reckless endangerment in the first degree. (*Id.* at 4, ¶ 7). Plaintiff remained detained following the September 28, 2013 arrest. (*Id.* at 6, ¶¶ 10–11).

Defendant Haas "convened . . . a Grand Jury," which, on March 12, 2014, returned an indictment charging Plaintiff with criminal possession of a weapon in the second degree based on the testimony of Defendant Cornell. (*Id.* ¶ 15; *see id.* at 9). Defendant Haas presented no "witness testimony to support the allegations of the offenses charged." (*Id*. at 6, ¶ 15).

On August 18, 2014, Albany County Court Judge Thomas A. Breslin dismissed the indictment on the ground that Defendant Cornell's "testimony concerning identifications made by witnesses was hearsay" and therefore "not legally sufficient to establish the offense charged." (*Id*. at 10–11). Judge Breslin noted that the "prosecutor should have called the witnesses who made the identifications so as to have an eyewitness testify that the defendant was the shooter." (*Id*. at 11). On September 21, 2014, Plaintiff was released from Albany County Correctional Facility. (*Id.* at 6).

## III. STANDARD OF REVIEW

"In deciding a Rule 12(c) motion" for judgment on the pleadings, courts "employ[ ] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)). To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Communs, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). When deciding a motion to dismiss, a court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A complaint that has been filed pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id*.

## IV.  DISCUSSION

"[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity covers "conduct of prosecutors that is 'intimately associated with the judicial phase of the criminal process,'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler*, 424 U.S. at 430), "but not to a prosecutor's acts of investigation or administration," *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994), which are "protected only by qualified, rather than absolute, immunity," *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997). A prosecutor "engaged in advocative functions will be denied absolute immunity only if he acts 'without any colorable

4

claim of authority.' The appropriate inquiry, thus, is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority." *Bernard v. County of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) (citations omitted).

In this case, Plaintiff bases his malicious prosecution claim on Defendant Haas' allegedly improper presentation of hearsay testimony to the Albany County grand jury. (Dkt. No. 15, at ¶¶ 15, 20). "The presentation of a case to a grand jury falls squarely within the prosecutor's traditional function and is thus subject to absolute immunity under *Imbler*." *Maglione v. Briggs*, 748 F.2d 116, 118 (2d Cir. 1984); *see also Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995); *Bernard*, 356 F.3d at 505 ("[A]bsolute immunity shields [the defendant prosecutors] from suit pursuant to § 1983 for . . . any misconduct in the presentation of evidence to the grand juries"); *Sims v. Monaghan*, No. 13-cv-6496, 2015 WL 9307350, at *4, 2015 U.S. Dist. LEXIS 170268, at *12 (W.D.N.Y. Dec. 21, 2015) (concluding that claims against defendant assistant district attorney for his "attempt to secure an indictment" against the Plaintiff were foreclosed by absolute prosecutorial immunity). Thus, Defendant Haas is entitled to absolute immunity for any § 1983 claims arising out of his presentation of evidence to the grand jury, and Plaintiff's claim against Defendant Haas must be dismissed.

V.  **LEAVE TO AMEND**

Defendant Haas seeks dismissal with prejudice of the claim against him. (Dkt. No. 37-5, at 9). In general, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *see also* Fed. R. Civ. P. 15 (a) (2) ("The court should freely give leave when justice so requires."). Any amendment would be futile, however, because Defendant Haas is entitled to absolute immunity from Plaintiff's § 1983 claim, and even a liberal reading of the Amended Complaint does not suggest any amendment that might state a plausible claim for relief against Defendant Haas. *See*

5

*Jackson v. County of Nassau*, No. 15-cv-7218, 2016 WL 1452394, at *10, 2016 U.S. Dist. LEXIS 49703, at *27–28 (E.D.N.Y. Apr. 13, 2016) (dismissing with prejudice, concluding that any amendment would be futile because the assistant district attorney was entitled to absolute immunity and "a liberal reading of the complaint does not indicate that any plausible claim might be stated"); *Dilacio v. N.Y.C. Dist. Council of the United Bhd. of Carpenters & Joiners of Am.*, 593 F. Supp. 2d 571, 578 (S.D.N.Y. 2008) (denying leave to amend as futile because the defendant was absolutely immune from suit). Accordingly, the claim against Defendant Haas is dismissed with prejudice.

## VI. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant Haas' motion for judgment on the pleadings (Dkt. No. 37) is **GRANTED** as to the malicious prosecution claim (third cause of action); and it is further

**ORDERED** that the malicious prosecution claim (third cause of action) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk is directed to serve this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 16, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge